```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT

------------------------------x
IN RE: FRANCES ANN BARRETTA,   :    CIVIL CASE NO. 3:16CV1781(AWT)
                               :
          Debtor.              :
------------------------------ :
FRANCIS ANN BARRETTA,          :    Bky. Petition No. 15-30751(JAM)
                               :    Chapter 7
          Appellant,           :
                               :
     v.                        :
                               :
WELLS FARGO BANK, N.A.,        :
                               :
          Appellee.            :
------------------------------x
```

## RULING ON BANKRUPTCY APPEAL

Appellant Frances Ann Barretta ("Barretta") appeals from an order entered in her Chapter 7 bankruptcy proceeding granting a motion filed by appellee Wells Fargo Bank, Inc., N.A. ("Wells Fargo") from relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and 363(d)(2).

"The bankruptcy court's decision on a motion to lift the automatic stay is reviewable only for an abuse of discretion." Mazzeo v. Lenhart (In re Mazzeo), 167 F.3d 139, 142 (2d Cir. 1999). This court reviews the Bankruptcy Court's "conclusions of law *de novo,* and findings of fact under a clearly erroneous standard." In re Ionosphere Clubs, Inc., 922 F.2d 984, 988 (2d Cir. 1990). "This [clearly erroneous] standard precludes this Court from reversing the Bankruptcy Court's decision if its account of the evidence is plausible, even if this Court is

convinced that it would have weighed the evidence differently." In re B. Cohen & Sons Caterers, Inc._,_ 108 B.R. 482, 484 (E.D. Pa. 1989) (citation omitted). A finding is clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Dist. Lodge 26, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. United Techs. Corp._,_ 610 F.3d 44, 51 (2d Cir. 2010) (citation and internal quotation marks omitted).

In November 2012, Wells Fargo commenced a foreclosure action against Barretta in Connecticut Superior Court with respect to property located at 73 Lori Lane, Meriden, Connecticut (the "Property"). In September 2014, Wells Fargo moved for summary judgment. Barretta did not oppose the motion, and summary judgment entered in favor of Wells Fargo. In December 2014, Wells Fargo filed a Motion for Judgment – Strict Foreclosure, which was accompanied by an appraisal. Barretta did not oppose the motion, and it was granted on December 22, 2014. The state court entered a Judgment of Strict Foreclosure in favor of Wells Fargo in the amount of $270,014.60 and at that time determined that the fair market value of the Property was $255,000.00, i.e. less than the amount of the judgment. Barretta did not timely appeal the judgment or file a motion to open the judgment.

On May 7, 2015, Barretta filed a petition for relief pursuant to Chapter 13 of the Bankruptcy Code. In that petition she listed her

monthly income and expenses, and her monthly expenses were $1,985 greater than her monthly income. In a schedule filed with her petition, Barretta listed the value of the Property as $255,000, and in another schedule she listed Wells Fargo as a secured creditor with an undisputed debt in the amount of $270,014.60. Barretta filed amended schedules on May 18, 2015, but did not amend the valuation of the Property or the amount of Wells Fargo's secured debt. Barretta filed a proposed Chapter 13 plan on July 7, 2015. In that plan Barretta again represented that Wells Fargo was owed a debt of $270,014.60 secured by the Property, and she again placed a value on the Property of $255,000. Barretta was unable to confirm the Chapter 13 plan and her case was converted to a Chapter 7 proceeding in August 2015.

In October 2015, Wells Fargo filed a motion for relief from the automatic stay. Wells Fargo argued to the Bankruptcy Court that Barretta lacked equity in the Property, pointing to the valuation in the debtor's schedule filed with her petition. It argued further that payments were not being made to protect Wells Fargo's interest in the Property, that the Property was not necessary to an effective reorganization, and that cause otherwise existed for relief from the automatic stay.

Barretta filed an objection to the motion, arguing that the town had valued the Property at $278,100 in 2014 and 2015, that a statement she had received indicated that her unpaid principal balance as of the

date she had defaulted was $204,108.45, and that it was not plausible that the total amount due had grown to $270,014.60, i.e. the number reflected in the state court judgment.

Based on the record here, this court cannot conclude that the appellant has met the standard of demonstrating the Bankruptcy Court's decision was clearly erroneous. This court does <u>not</u> have a definite and firm conviction that a mistake has been committed. Rather it appears to this court that the Bankruptcy Court's analysis and conclusion were well-supported.

The Bankruptcy Court's decision is supported by the repeated statements the appellant made prior to Wells Fargo filing its motion for relief from the automatic stay, which reflected that she owed a debt to Wells Fargo, that the debt was secured by the Property, and that the amount of the debt exceeded the value of the Property. This fact, together with the fact that Barretta was unable to confirm her Chapter 13 plan, supports the Bankruptcy Court's conclusion that the requirements of Section 362(d)(2) had been satisfied.

As to Section 362(d)(1), which provides that the stay can be lifted "for cause, including the lack of adequate protection of an interest in property of such party in interest", the focus of the argument before the Bankruptcy Court was adequate protection. <u>See</u> Debtor's Objection to Wells Fargo Bank, N.A.'s Motion for Relief from Automatic Stay (Real Property) (Doc. No. 15-1) at 45-47 of 71. Thus, the appellant's argument

that the Bankruptcy Court erred because its order did not explicitly address the Sonnax factors (see In re Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990)) is unavailing. See Appellant's Opening Brief (Doc. No. 15) at 20-23 of 31. Section 362(d)(1) explicitly provides that lack of adequate protection is "cause", and the facts that support the Bankruptcy Court's conclusion with respect to Section 362(d)(2), together with Barretta's statements in her petition with respect to her monthly income and expenses, supports the Bankruptcy Court's decision with respect to Section 362(d)(1).

Based on the foregoing, the court concludes that the Bankruptcy Court's decision to grant relief from the automatic stay was not an abuse of discretion under either Section 362(d)(2) or 362(d)(1).

Accordingly, the order of the Bankruptcy Court is hereby AFFIRMED.

The Clerk shall close this case.

It is so ordered.

Signed this 29th day of August, 2017 at Hartford, Connecticut.

                                              /s/AWT
                                        Alvin W. Thompson
                              United States District Judge